E-FILED  2024 JUL 01 2:22 PM STORY - CLERK OF DISTRICT COURT

## IN THE DISTRICT COURT OF IOWA IN AND FOR STORY COUNTY

| | |
|---|---|
| SECURA INSURANCE COMPANY a/s/o SKS FARMS, LLC,<br><br>     Plaintiff,<br><br>vs.<br><br>ZIEGLER INC. and AGCO CORPORATION,<br><br>     Defendants. | Court File No.:<br><br><br><br>**PETITION AT LAW AND JURY DEMAND** |

COMES NOW the Plaintiff, SECURA Insurance Company a/s/o SKS Farms, LLC, and for its cause of action states:

1. Plaintiff SECURA Insurance Company a/s/o SKS Farms, LLC ("SECURA") is a mutual fire and casualty company duly licensed and authorized to engage in the business of property and casualty insurance in the State of Iowa.

2. SKS Farms, LLC ("SKS"), is an Iowa Limited Liability Company, with its home office located at 15084 US Highway 65, Zearing, Iowa 50278.

3. SECURA provided a policy of insurance to SKS at all times relevant to this matter.

4. Defendant Ziegler Inc. ("Ziegler"), is a foreign profit corporation, engaged in the business of, among other things, selling farm equipment, with a home office address of 901 W 94th Street, Blooming, MN 55420. Ziegler is registered with the Iowa Secretary of State, with its registered agent C T Corporation System, 400 East Court Avenue, Des Moines, IA 50309.

5. Defendant AGCO Corporation ("AGCO") is a foreign profit corporation, engaged in the business of, among other things, designing, manufacturing, and selling farm equipment, registered with a home office of 4205 River Green Parkway, Duluth, GA 30096. AGCO is registered with the the Iowa Secretary of State, with its registered agent Corporation Service Company, 505 5th Avenue, Des Moines, Iowa 50309.

6. The Court has jurisdiction over the parties and the subject matter of this action, pursuant to Iowa Code Section 616.1 et seq.

7. Venue is proper in this Court because the events giving rise to this action occurred in the County of Story, State of Iowa.

EXHIBIT

A
_____

E-FILED  2024 JUL 01 2:22 PM STORY - CLERK OF DISTRICT COURT

## FACTS

8. On or about November 13, 2020, SKS purchased a 2020 Challenger MT975E tractor; Serial Number: AGCC0975JLNNG2002 ("the Subject Tractor") manufactured by AGCO and sold by Ziegler.

9. The Subject Tractor was sold to SKS with a twenty-four (24) month warranty.

10. On or about October 20, 2021 and within the warranty coverage period, SKS experienced issues with the Subject Tractor, prompting SKS to contact Zeigler, requesting Zeigler repair the Subject Tractor pursuant to the warranty.

11. On or about October 25, 2021, Zeigler personnel performed warranty repair work on the Subject Tractor, in an attempt to fix a warranted hydraulic hose leak and/or failure. After Zeigler performed the warranty repair, the Subject Tractor was returned to SKS.

12. On or about October 31, 2021, the Subject Tractor suffered a total loss fire while being properly operated by an employee of SKS is a field near 15084 US Highway 65, Zearing, IA 50278.

13. The fire was caused by a hydraulic line leak and/or failure, which had been previously repaired under warranty by Ziegler.

14. The Subject Tractor was destroyed in the fire and Plaintiff suffered damages as a result.

## COUNT I – STRICT LIABILITY

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16. The Subject Tractor was in a defective and unreasonably dangerous condition at the time it was manufactured and/or designed by AGCO and at the time it left AGCO's possession and was acquired by Ziegler.

17. The Subject Tractor was defective and unreasonably dangerous due to one or more of the following defects of conditions:

    a. Designing and/or manufacturing the Subject Tractor in a defective manner;
    b. Designing and/or manufacturing defective and hazardous components within the Subject Tractor;
    c. Failing to use ordinary care in designing the Subject Tractor to be reasonably safe by eliminating defective and hazardous conditions;
    d. Providing a machine that contained a defective hydraulic hose;
    e. Failing to perform appropriate inspection, testing, hazard analysis and quality assurance analysis of the components of the Subject Tractor, which inspection, testing and/or analysis would have revealed that the hydraulic hose was defective and hazardous and created an unreasonably dangerous condition;

E-FILED  2024 JUL 01 2:22 PM STORY - CLERK OF DISTRICT COURT

    f.   Failing properly to warn of the defects and dangers inherent in the Subject Tractor in the use thereof;

    g.   Otherwise failing to use due care in designing, engineering, manufacturing, assembling, inspecting, testing, selling, distributing, and/or supplying the Subject Tractor.

18. The Subject Tractor was unfit for its intended purpose due to the fact that the Subject Tractor could catch fire when being properly operated, making the Subject Tractor unreasonably dangerous and creating a risk of unreasonable risk of fire.

19. As a direct and proximate result of the Subject Tractor's defective and unreasonably dangerous condition, SECURA was obligated to pay to or on behalf of SKS in the amount of $462,548.92, in satisfaction of its claims, pursuant to SECURA's policy of insurance with SKS and is therefore subrogated to the rights of SKS therefrom.

### COUNT II – NEGLIGENT DESIGN AND/OR MANUFACTURING

20. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

21. AGCO designed, engineered, manufactured, assembled, inspected, and/or tested the Subject Tractor.

22. At all times material herein, AGCO owed SKS a duty to exercise reasonably prudent and ordinary care in designing, engineering, manufacturing, assembling, inspecting, and/or testing of the Subject Tractor.

23. AGCO violated these duties by negligently designing, engineering, manufacturing, assembling, inspecting, and/or testing the Subject Tractor. AGCO's negligent acts or omissions include, but are not limited to:

    a.   Designing the Subject Tractor in a defective manner;

    b.   Manufacturing the Subject Tractor in a defective manner;

    c.   Designing and/or manufacturing defective and hazardous components within the Subject Tractor;

    d.   Failing to use ordinary care in designing the Subject Tractor to be reasonably safe by eliminating defective and hazardous conditions;

    e.   Selling the Subject Tractor with defective and hazardous components, which it knew or should have known, created an unreasonable risk of failure and/or fire;

    f.   Providing a machine that contained a defective hydraulic hose;

    g.   Providing a machine with a negligently installed hydraulic hose;

    h.   Failing to perform appropriate inspection, testing, hazard analysis, and quality assurance analysis of the components of the Subject Tractor, which inspection, testing and/or analysis would have revealed that the hydraulic hose was defective and hazardous and created an unreasonably dangerous condition;

E-FILED  2024 JUL 01 2:22 PM STORY - CLERK OF DISTRICT COURT

    i.   Otherwise failing to use due care in designing, engineering, manufacturing, assembling, inspecting, testing, selling, distributing, and/or supplying the Subject Tractor.

24. AGCO knew, or should have known, that the components of the Subject Tractor created an unreasonably dangerous and hazardous condition.

25. The unreasonably dangerous and defective nature of the components of the Subject Tractor were not open or obvious to SKS.

26. As a direct and proximate result of AGCO's negligence, SECURA was obligated to pay to or on behalf of SKS in the amount of $462,548.92, in satisfaction of its claims, pursuant to SECURA's policy of insurance with SKS and is therefore subrogated to the rights of SKS therefrom.

**COUNT III – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**

27. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

28. AGCO expressly and/or impliedly warranted, inter alia, that it would repair and/or replace defective products or refund the purchase price for any defective products and that the Subject Tractor be fit for its intended purpose.

29. SKS relied on the existence of the aforementioned express and/or implied warranty and that the Subject Tractor would be free from defects causing an unreasonable risk of fire.

30. In marketing, advertising, designing, engineering, manufacturing, assembling, inspecting, testing, selling, distributing and/or supplying the Subject Tractor, AGCO expressly and/or impliedly warranted the Subject Tractor was safe and adequate for its ordinary and intended use and purpose.

31. AGCO breached the above expressed and/or implied warranties in one or more of the following respects:

    a.   Designing, manufacturing and/or assembling the Subject Tractor in a defective manner, which resulted in a machine that was defective in material and workmanship;
    b.   Designing, manufacturing and/or assembling defective and hazardous components within the Subject Tractor, which caused the tractor to be defective in workmanship or materials;
    c.   Failing to use ordinary care in designing, manufacturing, and/or assembling the Subject Tractor to be reasonably safe by eliminating defective and hazardous conditions;
    d.   Selling the Subject Tractor with defective and hazardous components, which it knew, or should have known, caused the Subject Tractor to have defects in workmanship and material;

4

E-FILED  2024 JUL 01 2:22 PM STORY - CLERK OF DISTRICT COURT

e.  Providing a machine that contained a hydraulic hose that was defective in workmanship and/or materials;

f.  Providing a machine with a defectively installed hydraulic hose that caused the Subject Tractor to be defective in workmanship and material;

g.  Failing to perform appropriate inspection, testing, hazard analysis, and quality assurance analysis of the components of the Subject Tractor, which inspection, testing, and/or analysis would have revealed the hydraulic hose and/or other component parts contained defects in workmanship and material;

h.  Otherwise failing to use due care in designing, engineering, manufacturing, assembling, inspecting, testing, selling, distributing and supplying the Subject Tractor causing the Subject Tractor to have defects in workmanship and material.

32. Each of the above-referenced acts and omissions, solely or in culmination with others, constitutes a breach of the aforesaid express and/or implied warranties.

33. As a direct and proximate result of AGCO's breach of the aforesaid express and/or implied warranties, SECURA was obligated to pay to or on behalf of SKS in the amount of $462,548.92, in satisfaction of its claims, pursuant to SECURA's policy of insurance with SKS and is therefore subrogated to the rights of SKS therefrom.

### COUNT IV – NEGLIGENCE AGAINST ZIEGLER

34. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

35. Ziegler was negligent in performing the warranty repair work on the Subject Tractor's hydraulic hose.

36. As a direct and proximate result of Ziegler's negligence, SECRUA was obligated to pay to or on behalf of SKS in the amount of $462,548.92, in satisfaction of its claims, pursuant to SECRUA's policy of insurance with SKS and is therefore subrogated to the rights of SKS therefrom.

WHEREFORE, Plaintiff SECURA Insurance Company a/s/o SKS Farms, LLC, demands judgment against Defendants, Ziegler Inc. and AGCO Corporation, jointly and severally, for such sums as will fully and fairly compensate it under the law for the damages alleged herein, for interest there as allowed by law and for the costs of this action.

E-FILED  2024 JUL 01 2:22 PM STORY - CLERK OF DISTRICT COURT

## JURY DEMAND

COMES NOW the Plaintiff SECURA Insurance Company and hereby demands a trial by jury of all of the fact issues herein.

Dated this 1st day of July, 2024.

By    /s/ David J. Taylor
David J. Taylor – AT0009168
YOST & BAILL, LLP
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
612.244.2931 - telephone
612.344.1689 - facsimile
dtaylor@yostbaill.com - email

*ATTORNEYS FOR PLAINTIFFS*
